IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LAKKY PHOSY | ) |
| | ) |
| v. | ) NO. 1:22-cv-0006 |
| | ) |
| DR. TUCKER, et al. | ) |

**TO: Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMENDATION

By Memorandum and Order entered May 2, 2022 (Docket Entry No. 10), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the separate motions to dismiss filed by Defendant Cortez Tucker (Docket Entry No. 16) and Defendant Centurion of Tennessee, LLC (Docket Entry No. 25). The motions are opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion of Cortez Tucker be denied and that the motion of Centurion of Tennessee, LLC, be granted.

## I. BACKGROUND

Lakky Phosy ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee. On January 28, 2022, he filed this *pro se* and *in forma pauperis* lawsuit seeking damages and injunctive relief under 42 U.S.C. § 1983 for violations of his federal constitutional rights alleged to have occurred at the TCIX. *See* Complaint (Docket Entry No. 1). Plaintiff

1

subsequently filed an amended complaint on May 2, 2022, that added to his allegations. *See* Amended Complaint (Docket Entry No. 11).

Plaintiff asserts that he suffers from diabetes and was prescribed a medication called Gabapentin for diabetic nerve pain from 2010 until October 2020, when TCIX physician, Dr. Cortez Tucker ("Tucker") discontinued the medication. *See* Amended Complaint at 4-5. Plaintiff alleges that not taking Gabapentin caused him to suffer "excruciating pain," to lose sleep, and to develop abnormal eating habits, which in turn caused his "A1C levels" to rise. *Id*. at 5. Plaintiff alleges that he has received "no medication or treatment" for his diabetic nerve pain since Tucker discontinued the Gabapentin in October 2020. *Id*. Plaintiff alleges that he filed two grievances about the matter, in September and December of 2021, respectively, but that the grievances did not result in the resumption of his medication, and that he likewise submitted sick call requests in December 2021 and February 2022, to no avail. *Id.* at 4-5.

Upon initial review of the lawsuit, the Court dismissed some claims but found that Plaintiff stated a colorable Eighth Amendment claim against Tucker based on allegations that Tucker acted with deliberate indifference by discontinuing a medication that Plaintiff had been taking for several years. *See* Memorandum and Order at 4-5. The Court also found that Plaintiff stated a colorable claim for assessing liability against Centurion of Tennessee, LLC ("Centurion"), a private entity that has contracted with TDOC to provide medical services to inmates, based upon Plaintiff's contention that his medication was discontinued because Centurion has a policy or practice of denying necessary medical treatment to inmates for monetary reasons. *Id*. at 5-6. In lieu of filing answers, Defendants have filed the pending motions to dismiss. Entry of a scheduling order has been reserved until resolution of the motions to dismiss.

## II. MOTIONS TO DISMISS

Both Defendants seek dismissal of the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure and raise essentially the same arguments. *See* Tucker's Memorandum in Support (Docket Entry No. 17) and Centurion's Memorandum in Support (Docket Entry No. 26). First, Defendants assert that Plaintiff's lawsuit was not timely filed and is barred by the applicable one-year statute of limitations. They argue that Plaintiff states in his pleadings that his "claim originated in October of 2020 when Dr. Tucker discontinued [the Gabapentin]" (*see* Amended Complaint at 4) but that his lawsuit was not filed until January 28, 2022, more than one year after this event. Second, Defendants argue that Plaintiff's allegations actually raise a health care tort claim under Tennessee law but that Plaintiff has not met the procedural requirements that are required by state law to pursue such a claim. Finally, Defendants contend that the grievance records attached to Plaintiff's pleadings show that his claim is premised upon Defendant Tucker's medical decision to decrease and then discontinue the Gabapentin. Defendants argue that Plaintiff's difference of opinion about a medical decision fails to support a claim that he was treated with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendant Centurion also argues that Plaintiff's contention that the Gabapentin was discontinued because of a policy or directive from Centurion to save money is conclusory and is not based upon any factual allegations that are contained in his pleadings.

In response, Plaintiff contends that the statute of limitations does not bar his claims because (1) the limitations period did not begin to run until his prison grievances were resolved in December 2021 and (2) some events involving his claims occurred during 2021 and within the one-year time period. *See* Plaintiff's Response in Opposition (Docket Entry No. 28) at 2-5. Plaintiff also argues that his allegations that Defendant Tucker discontinued a necessary medication that had been

3

prescribed to him for nearly a decade, that he suffered excruciating pain as a result, and that his complaints about not having the medication were ignored are sufficient to support his Eighth Amendment claim. *Id*. at 5-7. Finally, Plaintiff argues that he has alleged that Tucker, Centurion and TDOC Health Services Administrator Kevin Rea ("Rea") acted in concert to violate his rights, which he contends is sufficient to support his claim against Centurion. *Id*. at 9.

In reply, Defendants dispute that Plaintiff has set forth sound arguments supporting his assertions that his lawsuit was timely filed and that he has stated a claim upon which relief can be granted. *See* Tucker's Reply (Docket Entry No. 29) and Centurion's Reply (Docket Entry No. 30).

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523,

4

527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV. ANALYSIS

A. Statute of Limitations Defense

The statute of limitations is an affirmative defense for which Defendants bear the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). To prevail on this affirmative defense, Defendants must show (1) that the statute of limitations has run and (2) that there is no genuine issue of material fact as to when Plaintiff's cause of action accrued. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

Defendants are correct that a one-year statute of limitations applies to Plaintiff's Section 1983 claims, *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986), and that the limitations period generally begins to run when a plaintiff knows or has reason to know of the injury which is the basis for his action. *See Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Defendants are also correct that Plaintiff's assertion that his claim "originated" in October 2020 would appear to render this lawsuit untimely since the lawsuit was not filed until January 28, 2022, more than a year beyond October 2020.

However, the Court does not agree with Defendants' reliance upon the so-called October 2020 origin as the singular event triggering the running of the limitations period. While that event may have been when Defendant Tucker took the initial action to discontinue the

5

Gabapentin, it is apparent from Plaintiff's *pro se* pleadings and attachments, which are to be given a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), that (1) he continued to seek to have the mediation re-prescribed during 2021, (2) he raised the issue of his lack of medication via the grievance process during 2021, and (3) he met with or was seen by Defendant Tucker on at least one occasion during 2021 but Tucker continued to refuse to re-prescribe the medication. Plaintiff is not complaining merely of continuing effects or injuries from a singular event that occurred in October 2020. He is complaining that Defendant Tucker refused to re-prescribe the medication during 2021 despite Plaintiff's complaints that he needed the medication and that he was suffering side-effects because he did not have the medication. Plaintiff therefore alleges discrete acts of deliberate indifference to his serious medical needs that occurred within one year prior to the filing of his lawsuit and that are sufficient to render his lawsuit timely filed. *See Rucker v. Lindamood*, 2022 WL 3701597, at **13-14 (M.D. Tenn. Aug. 26, 2022) (even though the "continuing violation" doctrine did not apply to the prisoner plaintiff's Eighth Amendment inadequate medical care claim, the prisoner alleged discrete instances of inadequate medical care that occurred within the limitations period and thus stated a claim that was not barred by the statute of limitations).[1] Defendants' argument for dismissal of the lawsuit based upon the statute of limitations lacks merit.

---

[1] Given the Court's conclusion that Plaintiff sufficiently alleges discrete acts of denied medical care that occurred within a year of the filing of this lawsuit, it is unnecessary to address Plaintiff's tolling argument, other than to note that the statute of limitations is tolled only from the time Plaintiff began the grievance process to the time it was concluded. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

6

B. Health Care Claims under Tennessee Law

The Court rejects Defendants' position that Plaintiff's claims actually sound in state health care tort law and should be analyzed as such. Plaintiff filed his lawsuit based on alleged violations of his federal constitutional rights and specifically asserted federal question jurisdiction based upon claims brought under the Eighth Amendment, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. *See* Amended Complaint at 3. At no place in his pleadings does Plaintiff raise a claim under state law or even raise what could be liberally construed as a state law claim. Given Plaintiff's clearly expressed statement that he is only asserting federal claims, the Court finds no basis to construe his pleadings as asserting state law claims.

C. Eighth Amendment Claims

Section 1983 provides a civil enforcement mechanism and remedy for constitutional injuries caused by defendants who act under color of state law. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008). Defendants do not dispute that they acted under color of state law for the purposes of Plaintiff's Section 1983 claim. Their only argument is whether Plaintiff's allegations are sufficient to support a claim that his constitutional rights were violated.

Prison inmates are protected by the Eighth Amendment from being subjected to cruel and unusual punishment. Encompassed within this protection is the right for a prison inmate to receive a certain level of medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). However, because the Eighth Amendment does not protect against negligence or medical malpractice, in order to demonstrate a constitutional violation, an inmate must show that there was deliberate indifference to his serious medical

7

needs by the prison officials upon whom he must rely for his medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An Eighth Amendment inadequate medical care claim has both an objective and a subjective component. *Id*. The objective component "requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to show that the defendant has a sufficiently culpable state of mind by showing "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

In the instant case, Defendants do not raise an argument that Plaintiff fails to satisfy the objective component of his claim. Instead, their argument attacks Plaintiff's allegations of deliberate indifference. Defendants point to written statements from medical administrator Dr. Rea that were included as responses to Plaintiff's grievances about the denial of the Gabapentin. In one of the responses, Rea states that Plaintiff "was last prescribed Neurontin [Gabapentin] for a 14-day period in October 2020. That order was intended to decrease the dosage over a period of time and then discontinue the medication."[2] Defendants contend that this statement shows that Dr. Tucker's order to decrease and discontinue the Gabapentin over time was a medical decision, and they argue that Plaintiff's disagreement with a medical decision is not sufficient to support his Eighth Amendment claim.

While the pertinent case law is clear that an Eighth Amendment claimant must meet a high bar to succeed on a medical-needs claim and that the mere disagreement of an inmate with

---

[2] *See* Grievance records attached to Amended Complaint at 22.

his treatment rarely rises to the level of a constitutional violation, *see Rhinehart v. Scutt*, 894 F.3d 721, 738-40 (6th Cir. 2018), the Court finds that the type of argument being made by Defendants is premature at this point in the case. If Defendants intend to argue that the discontinuance of the Gabapentin and the subsequent refusal to resume the medication were medical decisions grounded in a factual basis, as opposed to decisions made with deliberate indifference by Tucker, that is an argument better made in a motion for summary judgment that is supported by evidence that fleshes out the events at issue.

The grievance response statement, which merely summarizes medical records that were not themselves generated by Dr. Rea, only serves to affirm Plaintiff's allegation that the Gabapentin medication was discontinued by Defendant Tucker and offers little else that illuminates the events at issue. In the stance of determining the Rule 12(b)(6) motion to dismiss, the Court takes as true Plaintiff's contentions that a medication that he had been on for nearly a decade to effectively treat his diabetic nerve pain was discontinued with no justification, that he needlessly suffered nerve pain in the absence of the medication, and that his requests to have the medication resumed were met with denials. At this early stage of the proceedings, these allegations are sufficient to show a plausible right to relief that is based upon more than a difference of opinion with Dr. Tucker about a medical decision. Plaintiff's allegations are sufficient to state a claim for relief that requires Defendant Tucker to file an answer and sufficient to permit this case to proceed to discovery.

With respect to Defendant Centurion, however, dismissal is warranted. A finding of liability under Section 1983 against a corporate actor cannot be based upon a theory of *respondeat superior*. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In a manner

similar to a Section 1983 claim brought against a municipality, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691-94 (1978), a claim against Centurion must be premised upon facts showing that a policy, custom, or practice of Centurion caused the deprivation of Plaintiff's constitutional rights. *Street*, *supra*. See also *Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459 (6th Cir. March 26, 2001) (applying policy requirement to private medical provider in a prison medical care case). At a minimum, Plaintiff must allege facts, which if proven, show that the execution of a Centurion policy or custom was the "moving force" behind the violation of the constitutional rights at issue. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Maxwell v. Corr. Med. Servs., Inc.*, 538 Fed.App'x 682, 691 (6th Cir. 2013).

Plaintiff has offered nothing other than a conclusory allegation to support his assertion that the Gabapentin was discontinued and that Tucker refused to re-prescribe it as a matter of policy by Centurion to save money. Such a conclusory allegation is simply not sufficient to state a Section 1983 claim for relief against Centurion. The Court need not accept as true legal conclusions, unwarranted factual inferences, and conclusory allegations. *Maxwell*, 538 Fed.App'x at 692. As this Court has noted, "[i]n the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly." *Hutchison v. Metropolitan Gov't of Nashville and Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. Feb. 5, 2010) (Nixon, J.) (collecting cases).

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motion to dismiss filed by Defendant Cortez Tucker (Docket Entry No. 16) be DENIED and Defendant Tucker be required to file an answer; and.

2) the motion to dismiss filed by Defendant Centurion of Tennessee, LLC (Docket Entry No. 25) be GRANTED and Defendant Centurion be DISMISSED under Fed. R. Civ. P. 21.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge