# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| LAKKY PHOSY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-00006 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| DR. CORTEZ TUCKER, et al. ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is a Report and Recommendation from Magistrate Judge Holmes (Doc. No. 31) recommending the motion to dismiss filed by Dr. Cortez Tucker ("Tucker") (Doc. No. 16) be denied and the motion to dismiss filed by Centurion of Tennessee, LLC ("Centurion") (Doc. No. 25) be granted. Tucker filed timely objections to the Report and Recommendation. (Doc. No. 32).

## I. BACKGROUND[1]

Plaintiff Lakky Phosy is an inmate in the custody of the Tennessee Department of Corrections ("TDOC") at the Turney Center Industrial Complex ("TCIX"). Plaintiff initiated this case on January 28, 2022 (Doc. No. 1) and filed an amended complaint on May 2, 2022 (Doc. No. 11). Plaintiff is diabetic and suffers from diabetic nerve pain. (*Id*. at 5). From 2010 to October 2020, Plaintiff was prescribed Gabapentin to treat the diabetic nerve pain. (*Id*.). In October 2020, Tucker, a TCIX physician, discontinued the prescription for Gabapentin. (*Id*.). Plaintiff alleges that, since his prescription was discontinued, he has been in excruciating pain and has not received any treatment for the diabetic nerve pain. (*Id*.). Plaintiff claims to have made "several requests"

---

[1] The facts stated are as alleged in the Amended Complaint (Doc. No. 11).

for treatment, including in December 2021 and February 2022. (*Id*.). He filed grievances on September 15, 2021, and December 7, 2021, which are attached to the Amended Complaint. (*Id*. at 4; Exs. B and C).

Plaintiff's claims against Tucker are brought under 42 U.S.C. § 1983. Plaintiff alleges Tucker violated his constitutional rights under the Eighth Amendment when he was deliberately indifferent to Plaintiff's serious medical needs by discontinuing Gabapentin in 2020, refusing to renew the prescription on several occasions, and failing to provide any treatment for Plaintiff's diabetic nerve pain since October 2020.

Tucker moved to dismiss the claims on grounds that Plaintiff's constitutional claims are barred by the one-year statute of limitations, that the claims sound in state health care tort law and should be dismissed for failure to comply with prerequisites for health care liability claims, and for failure to adequately allege the subjective component of the deliberate indifference claim. The Magistrate Judge rejected these arguments and recommended the Court deny Tucker's motion to dismiss. Now before the Court are Tucker's timely objections to the Magistrate Judge's findings and recommendation.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

#### A. Statute of Limitations

Tucker's first two objections concern the Magistrate Judge's finding that Plaintiff's claims should not be dismissed on statute of limitations grounds. The first objection is to the Magistrate Judge's finding that Plaintiff alleged separate and discrete actions. The second objection concerns tolling pending the exhaustion of administrative remedies, which was not a basis of the Magistrate Judge's recommendation. In fact, the Magistrate Judge specifically stated that it was not necessary to address Plaintiff's tolling argument. (*See* Doc. No. 31 at 6, n.1). Accordingly, the Court need only consider the first of these objections.

A one-year limitation period applies to claims brought under Section 1983. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Magistrate Judge correctly stated that the Court will dismiss claims as barred by the statute of limitations only where there is no genuine issue of material fact as to when Plaintiff's cause of action accrued, and the limitations period has run. (Doc. No. 31 at 5 (citing *Campbell v. Grand Trunk W.R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001))). The Magistrate Judge rejected Tucker's argument that Plaintiff's claims accrued in October 2020 when Plaintiff's prescription was discontinued because Plaintiff "alleged discrete acts of deliberate indifference to his serious medical needs that occurred within one year prior to the filing of his lawsuit and that are sufficient to render his lawsuit timely filed." (*Id*. at 6). Tucker argues this finding was erroneous based on Plaintiff's allegation that the "claim originated in October 2020 when Dr. Tucker discontinued Plaintiff's prescription for a medication called Gabapentin and has been continuing ever since." (Doc. No. 33 at 7 (citing Doc. No. 11 at 4)).

Tucker's reliance on a hyper-technical reading of Plaintiff's *pro se* Amended Complaint is misplaced. Plaintiff's characterization of the action as "continuing" cannot be viewed a concession regarding the timeliness of his claims and does not control the legal analysis. The Sixth Circuit has held that each active denial of medical care is a discrete action. *See Bruce v. Correctional Medical Servs., Inc.*, 389 F. App'x 462 (6th Cir. 2010) ("actual action by [defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations"). Here, the Amended Complaint states that Plaintiff has been "denied medication treatment for his nerve pain" ever since Tucker discontinued Gabapentin in October 2020, and that Plaintiff "made several requests to medical regarding his treatment … [i]ncluding but not limited to December 12, 2021, and February 10, 2022." (*See* Doc. No. 11 at 5). The Magistrate Judge correctly concluded that Plaintiff has alleged discrete acts within the limitations period and "is not

4

complaining merely of continuing effects or injuries from a singular event that occurred in October 2020." (*See* Doc. No. 31 at 6).

Because Plaintiff has plausibly alleged discrete acts within one year of filing the complaint, the Magistrate Judge correctly concluded that his claims should not be dismissed on statute of limitations grounds.

**B.     Deliberate Indifference and State Law Health Care Claims**

Tucker's next objections are to the Magistrate Judge's findings that "Plaintiff 'clearly expressed' that he is only asserting federal claims, and therefore, there were no healthcare liability claims in this case" and the finding that Plaintiff has adequately alleged an Eighth Amendment violation (Doc. No. 33 at 10-12). The basis for these objections appears to be Tucker's assertion that Plaintiff is challenging the "adequacy of his care" and/or disagreeing with his treatment plan regarding the decision to discontinue Gabapentin. (*Id.*). Based on this characterization of Plaintiff's claims, Tucker makes two arguments. First, he argues Plaintiff's claims are actually claims for health care liability under state law that must be dismissed due to Plaintiff's failure to comply with certain state law prerequisites to suit for health care liability. (*Id.* at 10 (citing Tenn. Code Ann. § 29-26-122)). Second, he argues that because the subjective component of the Eighth Amendment claim requires more than negligence or disagreement with a course of treatment, Plaintiff failed to adequately allege this aspect of the constitutional claim.

As a foundational matter, the Court disagrees with Tucker's characterization of Plaintiff's allegations. Tucker's misplaced focus on the discontinuation of Gabapentin in October 2020 does not fully appreciate the scope of Plaintiff's allegations. Plaintiff alleges that following the discontinuation of Gabapentin, he has been in excruciating pain and, despite several attempts to obtain treatment for his diabetic nerve pain, Tucker denied Plaintiff's requests to resume the

5

medication and failed to provide any treatment for the pain. Viewed in the light most favorable to the Plaintiff, these allegations go beyond a mere disagreement with a course of treatment or medical negligence.

Therefore, Tucker's argument that Plaintiff must be bringing state law health care liability claims because his allegations "merely challenge the adequacy of his care" fails. Moreover, the Amended Complaint clearly indicates that Plaintiff is bringing suit against "state or local officials (a § 1983 claim)" claiming a violation of his rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Doc. No. 11 at 3). The Magistrate Judge correctly concluded that the Amended Complaint does not raise state law tort claims.

The Court also finds that Plaintiff has adequately alleged a claim for violation of the Eighth Amendment based on deliberate indifference to serious medical needs. This claim has both objective and subjective components, requiring "proof that the inmate had a sufficiently serious medical need and that a municipal actor knew of and disregarded an excessive risk to the inmate's health or safety." *North v. Cuyahoga Cty.*, 754 F. App'x 380, 385 (6th Cir. 2018). Tucker challenges the sufficiency of Plaintiff's allegations only as to the subjective component.

The subjective component requires that officials had a "sufficiently culpable state of mind" of "deliberate indifference to inmate health or safety." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference requires more than negligence, something akin to reckless disregard; but it does not require proof that the officials intended to cause harm. *Id*. The plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id*.

Plaintiff's allegations that Tucker discontinued Gabapentin, that Plaintiff has been in excruciating pain even since then and, despite several attempts to obtain treatment for his diabetic nerve pain, Tucker denied Plaintiff's requests to resume the medication and failed to provide any treatment for the pain, plausibly alleges the subjective component of his claim.

## IV. CONCLUSION

For the reasons stated, Tucker's objections concerning the Magistrate Judge's recommendation to deny Tucker's Motion to Dismiss (Doc. No. 16) are **OVERRULED**. The Magistrate Judge also recommended granting the Motion to Dismiss (Doc. No. 25) filed by Defendant Centurion. No objections have been filed with regard to that aspect of the Report and Recommendation. The Court has reviewed the Report and Recommendation (Doc. No. 31) and concludes that it should be **ADOPTED**.

Accordingly, the Motion to Dismiss filed by Defendant Centurion (Doc. No. 25) is **GRANTED**. The Clerk is directed to terminate Centurion as a party. The Motion to Dismiss (Doc. No. 16) filed by Defendant Cortez Tucker, M.D. (Doc. No. 16) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE